UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLENYN RAFAEL CRISTALINO ARRIETA,

Petitioner,

Case No. 2:26-cv-2422-KCD-NPM

v.

WARDEN OF THE GLADES COUNTY DETENTION CENTER, *et al.*,

Respondents.
_______________________________/

## ORDER

Petitioner Glenyn Rafael Cristalino Arrieta is a Venezuelan citizen who entered the United States in 2021. He was apprehended at the border, processed for removal, and released on his own recognizance. On August 6, 2026, Arrieta was returned to immigration custody. He has now filed a habeas corpus petition challenging his continuing immigration detention. (Doc. 1.)[1]

### I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

**II. Discussion**

The Government first argues that this Court lacks jurisdiction to consider the habeas petition under 8 U.S.C. § 1252(g). (Doc. 7 at 3-4.) But § 1252(g) forecloses judicial review of just three discrete actions by the Attorney General, and challenging the procedural mechanics of detention is not one of them. "The Court is satisfied it has jurisdiction over [Arrieta's] claims." *Azimi v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-CV-928-MMH-PDB, 2026 WL 1543228, at *2 (M.D. Fla. June 2, 2026).

Turning to the merits, the Government maintains that Arrieta's detention is statutorily required under § 1225(b)(1)(B)(ii). (Doc. 4 at 6.) Not so. Section 1225(b)(1) establishes expedited removal proceedings, and a noncitizen must either be "arriving" or be "described in clause (iii)" for it to apply. *Alfonso v. Current Warden, Miramar ICE Field Off.*, 831 F. Supp. 3d 1251, 1258 (S.D. Fla. 2026) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). Arrieta is neither an "arriving" alien nor meets the description of § 1225(b)(1)(A)(iii),

which requires, among other things, that the petitioner have been present in the United States for less than two continuous years. 8 U.S.C. § 1225(b)(1)(A)(iii). Because Arrieta "was both paroled and continuously present in the United States for more than two years when detained[,] his detention under [§] 1225(b)(1) is unlawful." *Alfonso*, 831 F. Supp. 3d at 1259.

Because Arrieta is not properly detained under § 1225(b)(1) as claimed, and the Government "fail[s] to address any alternative, the Court finds that release is the appropriate remedy." *Azimi*, 2026 WL 1543228, at *2; *see also* *Villegas v. Ripa*, No. 2:26-CV-2373-SPC-NPM, 2026 WL 2576511, at *2 (M.D. Fla. Sept. 1, 2026).

For these reasons, Arrieta's habeas petition (Doc. 1) is **GRANTED**. Respondents shall release Arrieta **within 48 hours of this Order**. The **Clerk** is directed to terminate any pending motions, enter judgment granting the habeas petition, and close the file.

**ORDERED** in Fort Myers, Florida on September 17, 2026.

Kyle C. Dudek
United States District Judge